IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| SHERIE ASHANTI ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: __3:21cv494__ |
| ) | |
| CITY OF RICHMOND SCHOOL BOARD ) | |
| d/b/a RICHMOND PUBLIC SCHOOLS ) | |
| Serve:   Cheryl Burke, Chair ) | |
|             City of Richmond School Board ) | |
|             301 North 9th Street ) | |
|             Richmond, VA 23219 ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

Plaintiff Sherie Ashanti, by counsel, states as follows as her Complaint against the defendant City of Richmond School Board d/b/a City of Richmond Public Schools ("RPS," the "School System," or "Defendant").

## NATURE OF ACTION

1. This is wrongful termination action under Title VII.[1] Ashanti, who is black, had her employment contract with RPS not renewed after her white principal interfered with her relationship between her and her instructional assistant, something she did not do with any of her white teachers. Ashanti's white principal also accepted a parent's false allegation against her to justify discipline against her. Ultimately, the principal's actions helped cause the School System to decide not to renew Ashanti's teaching contract. These actions constitute unlawful race discrimination.

---

[1] "Title VII" refers to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

1

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 28 U.S.C. § 1343 and for Count VI, 28 U.S.C. § 1367.

3. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, as this is the district and division where a substantial part of the events or omissions giving rise to the claim occurred.

4. All conditions precedent to the filing of this action have been met by Plaintiff. She filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") and has filed this action within 90 days of receiving a right-to-sue letter, dated April 29, 2021, from the EEOC.

## PARTIES

5. Ashanti is an individual resident of Newport News, Virginia. She is black.

6. Defendant is a corporate entity with authority to sue and be sued under Virginia law. *See* Va. Code § 22.1-71.

7. RPS employs more than 500 employees and, for purposes of this action, is and was Ashanti's employer within the contemplation of Title VII.

## FACTS

8. At all relevant times from January 2020 through June 2021, Ashanti was employed by RPS as a teacher at Summer Hill Preschool ("Summer Hill").

9. While she was employed at Summer Hill, Ashanti's principal was Kelly Tobe, who is white.

10. For much of the time that Ashanti taught at Summer Hill, Ashanti worked with an instructional assistant named Melody McCowin. In a general sense, Ms. McCowin was to provide support and help to Ashanti for her class.

11. Ms. McCowin, however, repeatedly tried to take a lead role in Ashanti's class. Among other things, Ms. McCowin repeatedly reached out to the parents of the students in the class independently of any instruction to do so from Ashanti. Ms. McCowin also drafted lesson plans, even though that was not her responsibility. Ashanti told Ms. McCowin to cease such activities.

12. Despite being told to cease her improper actions, Ms. McCowin continued to do so. Ultimately, Ms. Tobe intervened into the relationship and, in large measure, started siding with Ms. McCowin. Notably, Ms. Tobe started to accept lesson plans from Ms. McCowin and, as well, started treating her as if *she* – not Ashanti – was the teacher for the class. Ms. Tobe engaged in no such interference in the relationships between the white teachers at Summer Hill and their instructional assistants.

13. Relatedly, Ms. Tobe befriended the parent of one of Ashanti's students, who then filed a false charge against Ashanti about her behavior with the parent and her child. Ms. Tobe then used the false charge as the basis of formal – yet improper -- discipline against Ashanti.

14. *Then*, when Ashanti protested the discipline, she was falsely accused by Ms. Tobe and others of engaging in unprofessional conduct. Ms. Tobe also falsely told RPS HR that Ashanti was being aggressive with her.

15. In addition, Jason Kamras, the white Superintendent of RPS, pushed for Ashanti's termination after she wrote to him to protest the discipline being issued against her.

16. Primarily as a result of Ms. Tobe's and Mr. Kamras' actions and statements, RPS ultimately decided not to renew Ashanti's employment contract beyond June of 2021, effectively terminating her employment.

17. Since the time of her non-renewal Plaintiff has been unable to find suitable full-time replacement employment.

### COUNT I:
### TITLE VII DISCRIMINATION CLAIM
### (RACE)

18. The allegations of paragraphs 1-17 are realleged as if fully set forth herein.

19. By virtue of her status as a black African-American, Plaintiff is entitled to Title VII's protection against discrimination based on her race.

20. Under Title VII, it is unlawful for an employer "to fail or refuse to hire *or to discharge* any individual, or *otherwise to discriminate* against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of" her color or race.

21. As is clear from the allegations stated herein, Plaintiff was discriminated against and her employment ended based on her race.

22. As a direct result of RPS's discrimination, Plaintiff has been caused to suffer the loss of potential occupational opportunities. Additionally, she has been caused to suffer personal injury, anxiety, emotional distress, personal and professional humiliation and embarrassment as a result of the School System's actions.

23. RPS's actions also constitute gross, wanton, malicious, reckless, and/or intentional violations of Plaintiff's rights, thus entitling her to punitive damages.

WHEREFORE, Plaintiff respectfully requests the following relief against RPS:

a. Accept jurisdiction of this case.

b. Declare that Plaintiff has suffered acts of discrimination under Title VII.

c. Award Plaintiff compensation for loss of salary and other benefits, including all fringe benefits, to which she would have been entitled had she not been discriminated

against as to her employment. Such damages shall be in an amount in excess of five hundred thousand dollars ($200,000), the exact amount to be determined at trial.

       d.      Award Plaintiff compensatory damages for the humiliation, damage to her reputation, mental and emotional distress, occupational losses, and pain and suffering that she has experienced and endured as a result of the unlawful actions of the School System. Such damages shall be in an amount in excess of one hundred fifty thousand dollars ($200,000), the exact amount to be determined at trial.

       e.      Award Plaintiff front pay and back pay in an amount in excess of five hundred thousand dollars ($600,000), the exact amount to be determined at trial.

       f.      Award Plaintiff punitive damages in the amount of five hundred thousand dollars ($500,000) for the School System's violations of federal law.

       g.      Award Plaintiff pre-judgment interest;

       h.      Award Plaintiff post-judgment interest;

       i.      Award Plaintiff her costs and reasonable attorney's fees; and

       j.      Award Plaintiff all such other further and appropriate equitable relief.

**A TRIAL BY JURY IS DEMANDED**.

                            SHERIE ASHANTI

                By:    s/ Richard F. Hawkins, III
                          Virginia Bar Number: 40666
                          THE HAWKINS LAW FIRM, PC
                          2222 Monument Avenue
                          Richmond, Virginia 23220
                          (804) 308-3040 (telephone)
                          (804) 308-3132 (facsimile)
                          Email: rhawkins@thehawkinslawfirm.net

                          Counsel for Plaintiff