IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHERIE ASHANTI,

        Plaintiff,

v.                                                  Civil Action No. 3:21cv494

CITY OF RICHMOND SCHOOL BOARD
d/b/a RICHMOND PUBLIC SCHOOLS,
        Defendant.

## OPINION

Sherie Ashanti, a Black woman, worked as a teacher for Richmond Public Schools ("RPS") from January 2020 through June 2021. She asserts that she suffered discrimination during her employment due to her race, and that RPS did not renew her employment contract beyond June 2021 due to that discrimination.

Ashanti now brings a Title VII claim under the Civil Rights Act of 1964 against RPS for race discrimination. RPS moves to dismiss Ashanti's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Ashanti alleges facts from which a finder of fact might barely, but plausibly, conclude that she suffered racial discrimination. For the reasons set forth below, therefore, the Court will deny the motion.

## I. FACTS ALLEGED IN THE COMPLAINT

Plaintiff Sherie Ashanti worked for defendant RPS as a teacher at Summer Hill Preschool from January 2020 through June 2021. (ECF No. 1 ¶ 8.) While at Summer Hill, Ashanti worked with an instructional assistant, Melody McCowin, whose job duties included "provid[ing] support [for] and help[ing]" Ashanti with her class. (*Id.* ¶ 10.) But McCowin attempted to take a leading role in the class, repeatedly contacting parents and drafting lesson plans even after Ashanti told

her to stop. (*Id.* ¶¶ 11–12.)  At some point, Summer Hill Principal Kelly Tobe intervened and sided with McCowin, accepting lesson plans from her and treating her as if she was the teacher. (*Id.* ¶ 12.)  Tobe did not so intervene between white teachers at Summer Hill and their instructional assistants.  (*Id.*)

Ashanti further alleges that Tobe befriended a parent of one of Ashanti's students and used a false charge filed by that parent as a reason for disciplining Ashanti.  (*Id.* ¶ 13.)  When Ashanti protested the discipline, Tobe falsely accused her of unprofessional conduct and falsely told Human Resources that Ashanti had behaved aggressively with Tobe.  (*Id.* ¶ 14.)  Ashanti wrote to RPS Superintendent Jason Kamras protesting the discipline.  (*Id.* ¶ 15.)  Kamras then pushed for Ashanti's termination.  (*Id.*)  Due to Tobe's and Kamras's actions, RPS did not renew Ashanti's teaching contract for the 2021–2022 school year.  (*Id.* ¶ 16.)

## II. **RELEVANT LAW**[1]

"A plaintiff can establish a claim of discrimination under Title VII . . . either by presenting direct or circumstantial evidence of discriminatory animus, or by proceeding under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Weinerth v. Talley*, No. 4:17cv67, 2018 WL 2729205, at *3 (W.D. Va. June 6, 2018).  The *McDonnell Douglas* framework requires the plaintiff to first show: "(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse

---

[1] "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "Thus, when considering a motion to dismiss, a court must consider the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020), cert. denied, 141 S. Ct. 1376, 209 L. Ed. 2d 122 (2021). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

employment action; and (4) circumstances that support an inference of discrimination." *Swierkiewicz v. Sorema N. Am.*, 534 U.S. 506, 510 (2002).

But *McDonnell Douglas* sets forth an evidentiary standard; a plaintiff need not prove these elements at the motion to dismiss stage, and, in some cases, need not prove them at all. *Id.* at 511 (noting that "the *McDonnell Douglas* framework does not apply in every employment discrimination case" and that a plaintiff "may prevail without proving all the elements of a prima facie case" if she can "produce direct evidence of discrimination"). The Supreme Court expressly rejected a higher pleading standard for discrimination actions in *Swierkiewicz*, holding that "a plaintiff need not plead a prima facie case of discrimination" to survive a motion to dismiss. *Id.* at 515. Admittedly, the *Swierkiewicz* Court "applied a pleading standard more relaxed than the plausible-claim standard required by *Iqbal* and *Twombly*." *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 587 (4th Cir. 2015). Even so, the *McDonnell Douglas* test remains the incorrect scale on which to measure the plausibility of a Title VII complaint. *Id.* Instead, Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim" and "allow a 'court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *McCleary-Evans*, 780 F.3d at 585 (quoting *Iqbal*, 556 U.S. at 678).

### III. DISCUSSION

RPS asks the Court to dismiss Ashanti's claims because she fails to plausibly allege that RPS terminated her employment based on her race. (ECF No. 3, at 1.) "For Title VII claims, the plaintiff must . . . 'allege facts to satisfy the elements of a cause of action created by that statute,'

3

meaning that she was fired because of her membership in a protected class."[2] *Gholson v. Benham*, No. 3:14cv622, 2015 WL 2403594, at *4 (E.D. Va. May 19, 2015). Neither party disputes that Ashanti belongs to a protected class, nor that RPS terminated Ashanti's employment. But according to RPS, Ashanti fails to allege that RPS terminated her employment because of her race. (ECF No. 4, at 5.) This misconstrues the complaint.

Ashanti alleges that Tobe elevated her teaching assistant over her, treating the assistant as if she were the teacher in the class and treating Ashanti as if she were not. RPS did not subject other teachers who did not belong to Ashanti's protected class to this treatment. The complaint specifically alleges that "Ashanti, who is black, had her employment contract with RPS not renewed after her white principal interfered with her relationship between her and her instructional assistant, something she did not do with any of her white teachers." (ECF No. 1 ¶ 1.) "Ultimately, the principal's actions helped cause [RPS] to decide not to renew Ashanti's teaching contract." (*Id.*) Though Ashanti alleges evidence of racial discrimination only in Tobe's interference with her instructional assistant, she alleges that Tobe's conduct in that interference led to her termination, the adverse employment action.

In *Wilkins v. Tran*, this Court found that the plaintiff plausibly alleged that racial animus, at least in part, motivated his supervisor failure to perform a desk audit to evaluate whether the employer should increase the plaintiff's pay grade. No. 3:20cv842, 2021 WL 2211685, at *3 (E.D. Va. June 1, 2021) ("[B]ecause [the employer's] failure to perform a desk audit or submit [the plaintiff's] updated position for regrading plausibly affected [the plaintiff's] compensation, [the

---

[2] Title VII makes it unlawful "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2.

plaintiff] alleges an adverse employment action. Stated differently, [the plaintiff] alleges that, but for [the employer's] actions, he would have become a GS-6 and earned higher wages." (citation omitted)). Essentially, Ashanti alleges that, but for her principal's racially motivated actions, RPS would have renewed her employment contract.[3]

In *McCleary-Evans*, the Fourth Circuit held that the plaintiff's repeated allegations "that the Highway Administration did not select her because of the relevant decisionmakers' bias against African American women" "did not allege facts sufficient to claim that the reason it failed to hire her was because of her race or sex." 780 F.3d at 585. "While the allegation that non-Black decisionmakers hired non-Black applicants instead of the plaintiff is *consistent* with discrimination, it does not alone support a *reasonable inference* that the decisionmakers were motivated by bias." *Id.* at 586 (emphasis in original). The court found mere speculation that the hired candidates "were not better qualified, or did not perform better during their interviews, or were not better suited based on experience and personality for the positions." *Id.* Allegations regarding the applicants' qualifications "would have provided an alternative 'to the obvious . . . explanation that the decisionmakers simply judged those hired to be more qualified and better suited for the [vacant] positions.'" *Rodriguez v. City of Hopewell Sch. Bd.*, No. 3:20cv282, 2020

---

[3] RPS argues that Ashanti fails to "identif[y] any comparators that were allegedly treated differently with respect to the adverse action complained of—the nonrenewal of her teaching contract." (ECF No. 4, at 5.) "[T]he Fourth Circuit has made clear that the elements of a Title VII claim can be satisfied without comparator evidence." *Whitehurst v. Bedford Cty. Sch. Bd.*, No. 6:19cv10, 2020 WL 3643132, at *6 (W.D. Va. July 6, 2020) (citing *Bing v. Brivo Systems, LLC*, 959 F.3d 605 (4th Cir. 2020)) ("The Fourth Circuit in *Bing* made no reference to comparator evidence as being required for the *McDonnell Douglas* framework at all, let alone at the pleading stage.") Even though Ashanti "need not plead comparator evidence in order to plausibly state a claim under Title VII," the Court can nevertheless reasonably infer that if Tobe did not insert herself into the relationships of any white teachers and their instructional assistants, then no white teachers lost their jobs as a result of any such interference. *See id.*

WL 4323219, at *5 (E.D. Va. July 27, 2020) (quoting *McCleary-Evans*, 780 F.3d at 588) (alteration in original).

In *Bing v. Brivo Systems, LLC*, the plaintiff's new employer fired him within hours of him starting the job after the employer searched for him on Google and learned of his involvement in a shooting. 959 F.3d 605, 609 (4th Cir. 2020). The plaintiff, a Black man, alleged that only his physical appearance could have prompted the search. *Id*. But "[b]eing aware of no alternative explanation and guessing that conduct is racially motivated does not amount to pleading actual facts to support a claim of racial discrimination." *Id.* at 618. Notably, the Fourth Circuit said the plaintiff "did not allege that Google searches were only conducted on African-American employees, [or] that [the employer] searched for additional information about [the plaintiff] in contrast to white employees . . . ." *Id.* at 617.

Where the plaintiffs' arguments failed in *McCleary-Evans* and *Bing*, Ashanti succeeds. In *McCleary-Evans*, a hiring case, the plaintiff failed to rebut the obvious, non-discriminatory explanation for the hiring choices in question: that the employer had selected the most qualified candidates, to the unfortunate exclusion of others. But no such obvious, nondiscriminatory explanation exists for RPS's actions here, where RPS elevated an instructional assistant above a Black teacher, did not do so for white teachers, and further subjected the Black teacher to false accusations.

Further, Ashanti alleges here exactly what the court found missing in *Bing*: that Tobe did not interfere in the relationship between other white teachers and their instructional assistants, and that her interference in Ashanti's relationship with her instructional assistant was motivated by Ashanti's race. When viewed in the context of Tobe's false accusations and fabricated discipline against Ashanti, and without an obvious, nondiscriminatory explanation for the disparity such as

6

the one present in *McCleary-Evans*, "[i]t is sufficient that [Ashanti] states a plausible claim . . . based on the unexplained disparity in treatment between minorities and non-minorities . . . ." *Twyman v. Berry*, No. 2:08cv519, 2009 WL 10677269, at *4 (E.D. Va. Sept. 24, 2009).

## IV. CONCLUSION

The facts alleged in the complaint certainly constitute "a short and plain statement of the claim," but that statement asserts a plausible case that RPS violated Title VII. Because Ashanti sufficiently claims that RPS violated Title VII by not renewing her contract based on race discrimination, the Court will deny RPS's motion to dismiss.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 3 December 2021
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge

Digitally signed by John Gibney
Date: 2021.12.03 11:28:07 -05'00'